IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CR-96-108-C |
| | ) |
| ERIC WILLIAM BLY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion under 18 U.S.C. § 3582(c) to reduce his sentence. Therein, Defendant argues that his sentence should be reduced based on "Amendment 599." According to Defendant, Amendment 599, which became effective on November 1, 1999, altered the manner in which U.S.S.G. § 5G1.2(d) applied to calculate his guideline range. The fatal flaw in Defendant's argument is that he was sentenced on January 22, 2004, or more than four years after Amendment 599 was effective. Section 3582(c)(2) states:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has **subsequently** been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added).  Thus, § 3582(c)(2) requires any adjustment be based on an alteration in the guideline that occurs <u>after</u> sentencing.  Consequently, Defendant's arguments cannot be considered under 18 U.S.C. § 3582(c)(2).

Any relief to Defendant is further barred by the law of the case doctrine.  In prior proceedings before both this Court and the Tenth Circuit, Defendant argued the same error he presses here regarding application of § 5G1.2(d).  That argument was rejected by both Courts.[*]  Consequently, there is no authority for the Court to consider it again now.

For the reasons set forth herein, Defendant's Motion for Reduction of Sentence Pursuant to § 3582(c)(2) (Dkt. No. 1255) is DENIED.  A separate judgment will issue.

IT IS SO ORDERED this 9th day of January, 2013.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

---

[*] To the extent Defendant would argue that his earlier position was slightly different, his assertion is without merit.  Regardless of the precise contours of Defendant's earlier argument, he clearly challenged the use of § 5G1.2(d) to impose a consecutive sentence.  Further, as noted herein, because the amendment Defendant now relies on was effective several years prior to his sentencing, the arguments based on the amendment were available in the earlier proceedings.